# EXHIBIT E



December 12, 2023

Cole WSTECH LLC
Attn: Ronald N. Cole
2960 Lewallen PL
Decatur, IL 62521-4839

Re:   *Letter Agreement re Payment Deferral*
      Loan No. ▇▇▇▇1629 (the "***Loan***")

Dear Mr. Cole,

Reference is made to the credit facility extended by First Fed Bank, a Washington bank corporation formerly known as First Federal Savings and Loan Association of Port Angeles, a state savings bank ("***Lender***"), to Cole WSTECH, LLC, an Illinois limited liability company ("***Borrower***"), evidenced, in part, by that certain Promissory Note dated as of June 9th, 2022, executed by Borrower and payable to the order of Lender, in the stated principal amount of ONE MILLION FIVE HUNDRED THOUSAND AND 00/100THS US Dollars ($1,500,000.00) (as amended, restated or otherwise modified from time to time, the "***Note***"), and governed by the terms and conditions of that certain Business Loan and Security Agreement dated as of June 9th, 2022 (as amended, restated or otherwise modified from time to time, the "***Loan Agreement***"), by and between Borrower and Lender. For purposes hereof, the term "***Obligations***" shall mean all loans, advances, debts, liabilities and obligations owing under the Note and Loan Agreement.

The Obligations are secured by a first position lien and security interest in Borrower's System, equipment, payment rights and substantially all of Borrower's other assets (the "***Collateral***") pursuant to, and as more fully described in, that certain Loan Agreement. Ronald N. Cole (the "***Guarantor***," and together with Borrower, the "***Credit Parties***") each personally, absolutely and unconditionally guaranteed repayment of the Obligations pursuant to and in accordance with that certain Guaranty dated as of June 9th, 2022 (as amended, restated, or otherwise modified from time to time, the "***Guaranties***").

This letter agreement (this "***Letter Agreement***"), all agreements executed in connection herewith, the Note, Loan Agreement, and Guaranties, shall hereinafter collectively be referred to as the "***Loan Documents***."[1]  Capitalized terms used herein without definition shall have the meanings ascribed to them in the Loan Documents.

Borrower has requested, and Lender has agreed to certain amendments to the Loan Documents, including, without limitation, the deferral of certain payments owing under the Loan Documents on the terms set forth herein.

---

[1] For the avoidance of doubt, the term "Loan Documents," as used herein, does not include the Service and Management Agreement and or any other third-party documents by and between Borrower and Water Station Management, LLC.



DocuSign Envelope ID: 3AE6A75A-BF8D-4459-B064-97E27DFF0600



Subject to the terms and conditions set forth in this Letter Agreement, and expressly conditioned on Credit Parties' signature below, Lender hereby agrees to defer the monthly principal and interest payments (collectively, the "***Deferred Payments***") coming due during the consecutive sixty (60) day period commencing December 5th, 2023 (hereinafter, the "***Deferral Period***"), and waive any defaults that would otherwise arise as a result of the Deferred Payments (hereinafter, the "***Anticipated Deferral Defaults***"); provided, however, such payment deferral and waiver shall not constitute (i) a modification or alteration of any other terms, conditions or covenants of the Loan Agreement or any of the other Loan Documents; (ii) a waiver, release, or limitation upon the exercise of any of Lender's other rights and remedies under the Loan Agreement or any of the other Loan Documents; or (iii) a release of any Credit Party in any way from any of their respective duties, obligations, covenants or agreements under the Loan Agreement or any of the other Loan Documents.

No payment shall be due during the Deferral Period. Borrower acknowledges and agrees that regular monthly payments due and owing under the Loan Documents shall resume effective as of the first payment date following the expiration of the Deferral Period. Each payment made on the Note on or after the expiration of the Deferral Period shall be credited first, to any interest then due, second, to the outstanding principal balance or escrow amounts then due, as applicable, and lastly, to any fees or other charges presently outstanding. As a result, payments made under the Loan Documents following the Deferral Period may be credited to interest only for several months, and Borrower's final payment at maturity or an earlier payoff may be larger than currently scheduled. In the event Lender currently automatically deducts payments from Borrower's account, it shall be the sole responsibility of Borrower to manage automatic payments during and after the Deferral Period. The maturity date of the Loan is hereby extended sixty (60) days from the maturity date identified in the Loan Documents, and regular monthly payments shall continue during such extended term. All references in the Loan Documents to "the maturity date" shall be deemed to refer to the maturity date, as amended hereby. All unpaid principal, interest (including interest accruing during the Deferral Period), fees, and other charges owing under the Loan Documents, shall be due and payable in full on the extended maturity date, or upon an earlier acceleration or payoff of the Loan in accordance with its terms.

Nothing contained herein shall be deemed a waiver of (or otherwise affect the Lender's ability to enforce) any other default or Event of Default other than the Anticipated Deferral Default, including, without limitation, (x) any default or Event of Default as may now or hereafter exist and arise from or otherwise be related to the Anticipated Deferral Defaults, or (y) any default or Event of Default arising at any time after the execution of this Letter Agreement and which is the same as the Existing Defaults or Anticipated Deferral Defaults. This waiver applies only to the specific instances described herein. It is not a waiver of any subsequent breach of the same provisions of the Loan Documents, nor is it a waiver of any breach of any other provision of the Loan Documents.

Except as expressly stated in this Letter Agreement, Lender reserves all of the rights, powers and remedies available it under the Loan Agreement and other Loan Documents. Borrower hereby remakes all representations and warranties contained in the Loan Documents and reaffirms all covenants set forth therein. Borrower hereby reaffirms, ratifies, grants and confirms the first position lien and security interest granted to Lender in the Collateral, and acknowledges and agrees





that the Collateral secures all Obligations owing to Lender by Borrower, including, without limitation, all Obligations owing to Lender by Borrower under the Note. Each Guarantor hereunder reaffirms its unconditional guaranty of all indebtedness and other Obligations of Borrower to Lender under the Loan Documents.

By its signature below, Borrower and each Guarantor hereby represents and warrants that: (i) the parties and signatories hereto each have full legal power and authority to execute and deliver this Letter Agreement; (ii) the Loan Documents were and have been duly authorized, signed and delivered and remain in full force and effect in accordance with their written terms, as modified hereby; (iii) each Credit Party's and obligations under the Loan Documents remain valid and enforceable obligations, without setoff, counterclaim or defense of any kind, and the execution and delivery of this Letter Agreement shall not be construed as a novation of the Loan Agreement or other Loan Documents; (iv) interest shall continue to accrue during the Deferral Period at the contractual non-default rate of interest, resulting in a higher total interest cost to be paid than if payments had been made as originally scheduled; (v) the term of the Loan will be extended by sixty (60) days and, as a result of the Deferred Payments, Borrower's final payment may be larger than originally scheduled; (vi) regular monthly payments due and owing under the Loan Documents shall recommence effective as of Borrower's regular monthly payment date in the first month following the Deferral Period; (vii) the relationship between Lender, on the one hand, and Borrower, on the other hand, is and shall remain solely that of creditor and debtor; (viii) nothing contained herein or in any document referred to herein or executed or delivered in connection with any of the Loan Documents shall be deemed or construed to create a partnership, tenancy-in-common, joint tenancy, joint venture or co-ownership by or between Lender and Borrower; (ix) any obligations of Borrower to pay insurance premiums or any other fees and charges arising from the ownership, operation, or occupancy of the Collateral, and to perform all other agreements and contracts relating thereto, shall remain and be the sole responsibility of Borrower.

In consideration of the benefits provided to Borrower under the terms and provisions hereof, each of Borrower and each Guarantor, on behalf of each Credit Party's respective successors and assigns, does hereby release, acquit and forever discharge Lender, all of Lender's predecessors in interest, and all of Lender's past and present officers, directors, attorneys, affiliates, participants, employees and agents, of and from any and all claims, demands, obligations, liabilities, indebtedness, breaches of contract, breaches of duty or of any relationship, acts, omissions, misfeasance, malfeasance, causes of action, defenses, offsets, debts, sums of money, accounts, compensation, contracts, controversies, promises, damages, costs, losses and expenses, of every type, kind, nature, description or character, whether known or unknown, suspected or unsuspected, liquidated or unliquidated, each as though fully set forth herein at length (each, a "***Released Claim***" and collectively, the "***Released Claims***"), that Borrower or any Guarantor hereunder now has or may acquire as of the date hereof, including without limitation, those Released Claims in any way arising out of, connected with or related to the Loan, Collateral, and any and all prior credit accommodations, if any, provided by Lender, or any of Lender's predecessors in interest, to Borrower or any Guarantor hereunder, and any agreements, notes or documents of any kind related thereto or the transactions contemplated thereby or hereby, or any other agreement or document referred to herein or therein.

Except as explicitly modified by this Letter Agreement, all of the terms and conditions of the Loan



DocuSign Envelope ID: 3AE6A75A-BF8D-4459-B064-97E27DFF0600



Documents remain in full force and effect in accordance with their original terms. Nothing contained in this Letter Agreement or in any previous or subsequent discussions or communications between Credit Parties, Lender, and their respective representatives or counsel, shall waive or modify any provision of the Loan Documents (except as explicitly modified by this Letter Agreement), or waive, limit or postpone any rights and/or remedies of Lender, all of which rights and remedies are expressly reserved. **The waiver and payment deferral contemplated in this Letter Agreement shall be effective only in this specific instance and for the limited and specific period of time set forth herein, and shall not entitle Borrower or any Guarantor to any other or further waiver, payment deferral, amendment or accommodation in any similar or other circumstances, nor shall it be deemed a consent to or waiver of any breach of or deviation from any covenant or condition of the Loan Documents.** Any agreement by Lender, including any agreement to forbear, modify the Loan Documents or waive any rights or remedies, must be in writing and signed by Lender; no oral or implied agreement of any kind will be recognized or enforceable.

Please acknowledge your acceptance of the terms and conditions contained in this Letter Agreement by dating and signing one copy below and returning it to the undersigned within 5 days of the date of this Letter Agreement. This Letter Agreement and the accommodations provided hereunder shall not become effective until the date on which Lender has received, in form and substance satisfactory to Lender, duly executed counterparts of this Letter Agreement and any other documents required by Lender to be executed in connection herewith.

This Letter Agreement (and any notices delivered under this Letter Agreement) may be executed in any number of counterparts, each of which shall be deemed to be an original, but such counterparts shall, together, constitute only one instrument. Delivery of an executed counterpart of a signature page of this Letter Agreement and any notices as set forth herein will be as effective as delivery of a manually executed counterpart of the Agreement or notice. This Letter Agreement, and any notices delivered under this Letter Agreement, may be executed by means of (a) an electronic signature that complies with the federal Electronic Signatures in Global and National Commerce Act, state enactments of the Uniform Electronic Transactions Act, or any other relevant and applicable electronic signatures law; (b) an original manual signature; or (c) a faxed, scanned, or photocopied manual signature. Each electronic signature or faxed, scanned, or photocopied manual signature shall for all purposes have the same validity, legal effect, and admissibility in evidence as an original manual signature. Lender reserves the right, in its sole discretion, to accept, deny, or condition acceptance of any electronic signature on this Letter Agreement or any notice delivered to Lender under this Letter Agreement.



**ORAL AGREEMENTS OR ORAL COMMITMENTS TO LOAN MONEY, EXTEND CREDIT OR TO FORBEAR ENFORCING REPAYMENT OF A DEBT ARE NOT ENFORCEABLE UNDER WASHINGTON LAW.**

                Sincerely,

                FIRST FED BANK

                *Kasi O'Leary*

                Kasi O'Leary
                Senior Vice President

134777.0006/9591670.1

Acknowledged and Agreed to this 12th day of December, 2023.

BORROWER:

COLE WSTECH LLC

By __*Ron Cole*_____
Name: Ronald N. Cole
Title: Manager/Member


GUARANTOR:

_____*Ron Cole*_____
Ronald N. Cole

DocuSign Envelope ID: A1D3C480-9AAE-4B26-81F2-3D49569BB202



April 1, 2024

Cole WSTECH LLC
2960 Lewallen Pl
Decatur, IL 62521-4839
Attn: Ronald N. Cole

Re: *Letter Agreement re Extension of Payment Deferral*
Loan No. x1629 (the "**Loan**")

Dear Mr. Cole,

Reference is made to that certain Letter Agreement re Payment Deferral dated as of December 12, 2023 (as amended, restated, or otherwise modified from time to time, the "***Deferral Agreement***"), by and among Cole WSTECH, LLC, an Illinois limited liability company ("***Borrower***"), Ronald N. Cole ("***Guarantor***," and together with Borrower, "***Credit Parties***"), and First Fed Bank ("***Lender***"). Capitalized terms used herein without definition shall have the meanings ascribed to them in the Deferral Agreement.

The Deferral Period under the Deferral Agreement expired by its terms on February 4, 2024, at which time Borrower's obligation to make the February 5, 2024, payment and all other regular monthly payments due and owing under the Loan Documents resumed.

Borrower made its February and March payments, but has requested that Lender reinstate the Deferral Period for an additional sixty (60) day period commencing April 5, 2024, which Lender is willing to do pursuant to the terms and conditions set forth herein. Effective upon Lender's receipt of a duly-executed copy of this letter agreement, the Deferral Period shall be deemed reinstated commencing April 5, 2024, through June 4, 2024, with regular monthly payments due and owing under the Loan Documents resuming on June 5, 2024. The maturity date of the Loan is further extended an additional sixty (60) days from the maturity date identified in the Loan Documents, and regular monthly payments shall continue during such extended term.

Except as explicitly amended by this letter agreement, all of the terms and conditions of the Deferral Agreement and Loan Documents remain in full force and effect in accordance with their written terms, without waiver or modification. By its signature below, each Credit Party hereby remakes all representations and warranties contained in the Deferral Agreement and reaffirms all covenants set forth therein, including, without limitation, the Credit Parties' release of claims set forth therein, which release is hereby extended and reaffirmed as of the date of this letter agreement. The extension of the Deferral Period contemplated in this letter agreement shall be effective only in this specific instance, and for the specific purpose for which it is given, and shall not entitle Credit Parties to any other or further extension or accommodation in any similar or other circumstances.

This letter agreement constitutes the entire, final and integrated agreement between the parties pertaining to the subject matter hereof. This letter agreement and the Deferral Agreement shall be read together, as one





document. If the terms and conditions set forth above are acceptable to you, please so indicate by executing where provided below.

This letter agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but such counterparts shall, together, constitute only one instrument. Delivery of an executed counterpart of this letter agreement will be as effective as delivery of a manually executed counterpart of this letter agreement. This letter agreement may be executed by means of (a) an electronic signature that complies with the federal Electronic Signatures in Global and National Commerce Act, state enactments of the Uniform Electronic Transactions Act, or any other relevant and applicable electronic signatures law; (b) an original manual signature; or (c) a faxed, scanned, or photocopied manual signature. Each electronic signature or faxed, scanned, or photocopied manual signature shall for all purposes have the same validity, legal effect, and admissibility in evidence as an original manual signature. Lender reserves the right, in its sole discretion, to accept, deny, or condition acceptance of any electronic signature on this letter agreement.

**ORAL AGREEMENTS OR ORAL COMMITMENTS TO LOAN MONEY, EXTEND CREDIT, OR TO FORBEAR FROM ENFORCING REPAYMENT OF A DEBT ARE NOT ENFORCEABLE UNDER WASHINGTON LAW.**

    Sincerely,

    FIRST FED BANK

    *Kasi O'Leary* (DocuSigned)

    Kasi O'Leary
    Senior Vice President

134777.0023/9704028.1

Acknowledged and Agreed to this 1st day of April, 2024.

**BORROWER:**                **GUARANTOR:**

COLE WSTECH LLC

By _*Ron Cole*_ (DocuSigned)        _*Ron Cole*_ (DocuSigned)
Name: Ronald N. Cole            Ronald N. Cole
Title: Manager/Member

